IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE NATSU LANNING,<br>    et al.,<br>        Plaintiffs, | : <br>: <br>: <br>: | <br><br>CIVIL ACTION<br> |
| v. | : <br>: | |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>        Defendant | : <br>: <br>: <br>: | <br>NO. 97-0593<br> |
| UNITED STATES OF AMERICA,<br>        Plaintiff, | : <br>: <br>: | <br>CIVIL ACTION |
| v. | : <br>: | |
| SOUTHEASTERN PENNSYLVANIA,<br>TRANSPORTATION AUTHORITY,<br>        Defendant | : <br>: <br>: | <br>NO. 97-1161<br> |

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 31, 2006

   In 1997, the plaintiffs sued the defendant under Title VII for implementing a physical fitness test which disproportionately disqualified female job applicants.  After a bench trial, the Honorable Clarence C. Newcomer found for the defendant, which submitted a Bill of Costs shortly thereafter.  Judge Newcomer's ruling was vacated on appeal, but on remand the court again found for the defendant.  In August of 2006, more than three years after Judge Newcomer's decision in the second trial was affirmed, the Clerk of Court entered a Taxation of Costs against the plaintiffs, to which they now object.  For the

reasons outlined below, the Court overrules the objections.

The Lanning plaintiffs argue that the Clerk's Taxation of Costs is improper because: (1) the bill of costs expired when the first judgment was vacated by the Court of Appeals, and no bill of costs was filed after a final judgment; (2) the time between the entry of a final judgment and the Clerk's taxation of costs was unreasonable; (3) the petition for costs was effectively abandoned by the Defendant; and (4) expedited deposition transcript fees are not justified.

The plaintiffs rely on <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227 (1964), to support their arguments that the Clerk's Taxation of Costs is invalid.  But <u>Farmer</u> merely stands for the proposition that if a judge approves a clerk's taxation of costs based on a judgment that is later reversed, the judge in the second trial is not bound to follow the initial taxation.

Even if <u>Farmer</u> supported the proposition that a bill of costs needs to be re-filed after a taxation is upset by an appellate court's reversal, the holding would not apply here, where the Clerk withheld action on the Bill of Costs because of the plaintiffs' appeal.  Consequently, the vacating of the trial court's liability determination in no way affected the petition for costs, which remained outstanding pending a final outcome of the case on remand.  After Judge Newcomer's ruling in favor of the defendant in the second trial was affirmed on appeal, the

-2-

Clerk for the first time took action on the previously-submitted Bill of Costs, appropriately taxing the plaintiffs.

A finding that the taxation of costs was validly entered is consistent with the general rule that a party in the defendant's position is entitled to costs for both trials.  See, e.g., 10 Wright, Miller & Kane Federal Practice and Procedure § 2667 at 206-07 (3d ed. 1998); Piester v. Int'l Bus. Mach. Corp., 201 F.3d 428 (1st Cir. 1998);  Vigortone Ag Products, Inc. v. PM Ag Products, Inc., 2004 WL 1899882 at *9 (N.D. Ill. 2004); Meder v. Everest & Jennings Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982).  Neither logic nor fairness demands that the defendant resubmit an identical bill of costs for the first trial when action on the original bill was deferred pending the ultimate outcome of the case.

The plaintiffs also argue that the lapse between the case's conclusion and the entry of the Taxation of Costs was unreasonable.  Their supporting cases, however, examine the reasonableness of a party's delay in filing a bill of costs, an issue not raised in this case, where the Bill was filed two weeks after judgment was entered.  Comment 1(a) to Local Rule 54.1 recognizes that courts require that the bill be filed within a reasonable time after the conclusion of a lawsuit, but neither comment nor caselaw requires that the Clerk's taxation be similarly issued within a reasonable time.

The Court likewise finds no authority which would justify finding that the Clerk's delay in issuing a Taxation of Costs indicates that the defendant had abandoned its petition.

Additionally, the Court notes that any prejudice resulting from the Clerk's delay is mitigated by the fact that the defendant received the Bill of Costs years ago and could have explored its propriety at that time.

The Court is, however, sensitive to the plaintiffs' desire to reacquaint themselves with the record of the case before offering more specific objections to the taxation, and therefore the Court will postpone consideration of the defendant's expedited deposition transcript fees until the plaintiffs have had a further opportunity to review the record.

An appropriate order follows.

```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CATHERINE NATSU LANNING,            :
     et al.,                        :
          Plaintiffs,               :    CIVIL ACTION
                                    :
          v.                        :
                                    :
SOUTHEASTERN PENNSYLVANIA           :
TRANSPORTATION AUTHORITY,           :    NO. 97-0593
          Defendant                 :
_____:
                                    :
UNITED STATES OF AMERICA,           :
          Plaintiff,                :    CIVIL ACTION
                                    :
          v.                        :
                                    :
SOUTHEASTERN PENNSYLVANIA,          :
TRANSPORTATION AUTHORITY,           :    NO. 97-1161
          Defendant                 :
```

                                ORDER

    AND NOW, this 31st day of October, 2006, upon consideration of the Lanning Plaintiffs' Motion for an Enlargement of Time (Docket No. 309) and their Motion to Review Clerk's Taxation of Costs (Docket No. 308), the Defendant's Brief in Opposition, and the Lanning Plaintiffs' reply, IT IS HEREBY ORDERED that the Motion for an Enlargement of Time is GRANTED as unopposed.  IT IS FURTHER ORDERED that for the reasons set forth in the accompanying memorandum, the Motion to Review Clerk's Taxation of Costs is DENIED as it relates to striking the taxation in its entirety and GRANTED as to the Plaintiffs' request for additional time to review the Defendant's expedited deposition transcript

fees. The Plaintiffs shall file any supporting materials by November 30, 2006, and the Defendant shall file any response by December 7, 2006.

BY THE COURT:

<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.